UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEYCHA BAILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-1464-B |
| | § | |
| AT&T | § | |
| CORPORATE/HEADQUARTERS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AT&T Corporate/Headquarters' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[1] Doc. 13. For the reasons presented below, the Court **DENIES without prejudice** Defendant's Motion and **QUASHES** Plaintiff's previous attempt at service of process.

## I.

## BACKGROUND

Plaintiff LaKeycha Bailey sued Defendant AT&T Corporate/Headquarters (AT&T) to recover benefits due her under the terms of her pension plan (the Plan).[2] Doc. 3, Pl.'s Compl. 1. In

---

[1] Defendant also appears to move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. See Doc. 13, Def.'s Mot. to Dismiss 1. But Defendant does not make an argument in support of dismissing the case based on Rule 12(b)(1), and throughout its Motion, it specifically states that there are two grounds on which to dismiss Plaintiff's claims—under Rule 12(b)(5) and Rule 12(b)(6). For those reasons and because the Motion can be decided with regard to only Rule 12(b)(5), the Court does not consider Defendant's Motion under Rule 12(b)(1).

[2] While Plaintiff does not provide the Court with a specific plan, it appears from Defendant's Motion to Dismiss that Plaintiff is referring to the AT&T Pension Benefit Plan. Doc. 13, Def.'s Mot. to Dismiss 1.

- 1 -

her Complaint, Plaintiff alleges that she did not receive "the same pension options as other employees that were on the same contract," and that she was compensated under the Plan at a lower rate than her peers who had less seniority.[3] Doc. 3, Pl.'s Compl. 1. Defendant filed its Motion to Dismiss and argued that the Court should dismiss Plaintiff's claims on two independent grounds: (1) under 12(b)(5) for insufficient service of process; or (2) under 12(b)(6) because Plaintiff failed to state a claim on which relief can be granted. Doc. 13, Def.'s Mot. to Dismiss 1. Plaintiff failed to file a Response to Defendant's Motion. The Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

A.  *Motion to Dismiss Pursuant to Rule 12(b)(5)*

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011).

When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Where the alleged defect in the service of process is that the defendant is misnamed in the summons, a defendant can challenge service under Rule 12(b)(5) "on the ground that the wrong party—a party not named in the summons—has been served." Fed. R. Civ. P. 4(a)(1)(A); *Gartin v.*

---

[3] While Plaintiff does not specify where she worked in her Complaint, from Defendant's Motion to Dismiss, it appears that Plaintiff was an employee at BellSouth Telecommunications, LLC. Doc. 13, Def.'s Mot. to Dismiss 1.

*Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008).

B.   *Pro Se Litigants*

Before examining the issues before the Court, the Court notes that *pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). Parties who proceed *pro se*, however, are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *See Reece v. Countrywide Home Loans*, 250 F. App'x 91, 92 (5th Cir. 2007). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Id.*

### III.

### ANALYSIS

In its Motion to Dismiss, Defendant argues that the Court should dismiss Plaintiff's suit for two reasons. First, Defendant claims that the Court should dismiss Plaintiff's claims under 12(b)(5) because Plaintiff failed to name the correct party in her Complaint and in her Summons, so she ultimately served the incorrect party. Doc. 13, Def.'s Mot. to Dismiss 1. In the alternative, Defendant argues that the Court should dismiss Plaintiff's claims under 12(b)(6) because Plaintiff failed to state a claim for pension benefits under ERISA for which relief may be granted. *Id.* The Court need only reach Defendant's 12(b)(5) argument, though, because it finds that service was improper.

Regarding Rule 12(b)(5), Defendant notes that Plaintiff named the non-existent entity, "AT&T Corporate/Headquarters" as the defendant in her Complaint and Summons. Doc. 13, Def.'s Mot. to Dismiss 3. After Plaintiff named the incorrect entity, Plaintiff served the correct entity—the

Plan's agent for service of process. *Id.* Therefore, Defendant argues, the discrepancy between naming the incorrect party, but serving the correct party indicates that this Court lacks personal jurisdiction over Defendant, and Plaintiff's claims should be dismissed under 12(b)(5). *Id.* at 4. Plaintiff failed to file a response to Defendant's arguments.

As discussed above, in cases where the alleged defect in service of process is that the defendant is misnamed in the summons, a defendant can challenge service under Rule 12(b)(5) "on the ground that the wrong party—a party not named in the summons—has been served." *Gartin*, 289 F. App'x at 691 n.3. As this is the exact argument Defendant makes, Defendant calls into question the validity of service under Rule 12(b)(5). When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Carimi*, 959 F.2d at 1346. Here, however, the Plaintiff did not file a response, so she did not carry her burden of establishing the validity of service. Therefore, service is invalid under Rule 4, and the Court must now determine whether it should dismiss Plaintiff's claims, as Defendant requests, or quash service and give Plaintiff another opportunity to effectuate proper service.

While insufficient service of process under Rule 4 is grounds for dismissal, if a plaintiff names an incorrect party on the summons, and the result is "a mere misnomer that injured no one," it would be error for the Court to dismiss without allowing the plaintiff to amend the summons and complaint so that they correctly identify Defendant. *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954); *see also Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327-R, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) (citing 5B A. Wright & A. Miller, Federal Practice and Procedure § 1354 (3d ed.) (Service is usually quashed "in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."))

Instead, the Court may exercise its discretion to "quash service and give the plaintiff an additional opportunity" to serve the correctly named party. *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Mar. 12, 2008), *adopted by* 2008 WL 938904, at *1 (N.D. Tex. Apr. 7, 2008); 5B A. Wright & A. Miller, Federal Practice and Procedure § 1354 (3d ed.). This remedy is appropriate where the correct party is before the court but under an incorrect name. *Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958). Furthermore, a court should consider a plaintiff's *pro se* status and a plaintiff's good faith attempt to effect service. *Neely*, 2008 WL 938904, at *2.

Here, Defendant concedes that the entity actually served, the agent for the Plan, was the correct party, and the only mistake was naming "AT&T Corporate/Headquarters" on the Complaint and Summons. Doc. 13, Def.'s Mot. to Dismiss 4. Therefore, it appears that the correct party is before the Court but under an incorrect name. *See Jackson*, 259 F.2d at 7. Furthermore, Plaintiff is proceeding *pro se* and appears to have attempted service in good faith. *See Neely*, 2008 WL 938904, at *2. Therefore, the Court concludes that it would be appropriate to allow Plaintiff to have another opportunity to amend her pleadings to reflect the proper name of the Defendant and to serve the correct party. *See Duke*, 259 F.2d at 7.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** Defendant's Motion to Dismiss and **QUASHES** Plaintiff's previous attempts at service of process. Plaintiff shall have until **May 1, 2017**, to amend her pleading to reflect the proper party and effect service again on Defendant. Failure to do so will result in dismissal of the action against Defendant without further notice.

SO ORDERED.

SIGNED: March 29, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE